**FLOURNOY v. CITY OF SHREVEPORT.***

No. 5374.

Court of Appeal of Louisiana. Second Circuit.

Oct. 30, 1936.

*Rehearing denied Dec. 11, 1936.

J. H. Jackson and R. H. Switzer, both of Shreveport, for appellant.

Jos. H. Levy, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff was employed by the city of Shreveport, through its mayor, as supervisor of a squad of WPA laborers engaged in removing trees, timber, etc., from the shores of Cross Lake, the source of the city's water supply. He was discharged on December 14, 1935, and then paid one-half month's salary, all that the city admits was then due him. He instituted this suit to recover salary for the last half of December, taking the position that he was employed by the month, and coupled therewith demand for full salary until the amount claimed to be due him is paid, invoking the provisions of Act No. 150 of 1920 in support of his demands. The city denies that it is due plaintiff any amount, and asserts that he was employed for no definite term, payable on the basis of $75 per month, and therefore subject to discharge at its will.

From a judgment for plaintiff for $37.50, the city prosecutes this appeal. Plaintiff, answering the appeal, prays for increase in the amount of judgment, and for attorney's fee recoverable under Act No. 138 of 1936, amending and re-enacting Act No. 150 of 1920.

The pivotal question in the case is whether plaintiff was employed by the month or indefinitely as to term, but payable on a monthly basis. If employed for an indefinite period, of course, the city was within its rights in dispensing with his services when it did.

The WPA work on Cross Lake began about April 1, 1935. At first 50 or 60 men

were engaged, but the number was increased from time to time until the squad numbered about 350 on December 1st. Plaintiff's duty was to see that these men did not cut any timber or trees on private property along the lake shores. On December 1st, the mayor was informed by the district engineer of the WPA that the labor on Cross Lake would have to be transferred to some preferential projects on Red river, not far from the city, and that the Cross Lake project would have to be temporarily abandoned. This was followed by transfer of the men very soon after December 14th. A few laborers, however, worked intermittently on the lake after that date; but for all practical purposes work on the project ceased in December and has not been resumed. Plaintiff was advised by letter, December 4th, that the lake project would be completed by December 15th, and thereafter his services would not be needed. It is certain plaintiff would not have been employed by the city but for the WPA work on the lake. It is equally certain that, after the men were transferred to other projects in December, there was no longer any need for his services as supervisor. He was paid his salary on the 15th and last days of each calendar month.

Plaintiff gave the following testimony pertinent to the term of his employment:

"A. Well, Caldwell (the Mayor) explained to me the job in this way. He said, 'I don't know how long the job will last. It may last three months, it may not last a month, or, it may last six months. I don't know.'

"Q. He very frankly told you that he had no idea as to how long the work would last? A. Yes."

From this testimony it is clear that neither party had any definite idea as to the time the WPA would put in on the lake project. It is certain therefrom, however, that both parties understood that when the work ceased plaintiff's services as supervisor would come to an end.

Mayor Caldwell testified positively that plaintiff was not employed by him for any definite time, but that his salary was fixed on a monthly basis. We think on this issue of fact the case is with the city. Plaintiff's contentions are flatly contradicted by the mayor's testimony, and defendant is supported by the circumstances of the case.

The judgment appealed from is incorrect, and is hereby annulled, avoided, and reversed. There is now judgment for defendant dismissing plaintiff's suit and rejecting his demand, with costs.